(90 South. 364)

No. 24931.

### Succession of LITH.

(Nov. 28, 1921. Rehearing Denied Jan. 2, 1922.)

*(Syllabus by Editorial Staff.)*

Taxation ⬤➝872—Under Const. 1921, inheritance of property that has already borne its just proportion of taxes held exempt from inheritance tax; "classify."

The Constitutions of 1898 and 1913, by article 235, authorized an inheritance tax, and by article 236 forbade the imposition of an inheritance tax on an inheritance of property that had borne its just proportion of taxes prior to the time of inheritance. By Act No. 109 of 1906, enacted to carry these articles into effect, the Legislature levied an inheritance tax, but exempted any inheritance of property that had already borne its just proportion of taxes. Const. 1921, art. 10, § 7, provided for inheritance tax to be "graduated, classified, or progressive," but omitted the prohibition contained in Const. 1913, art. 236, and provided that

"exemptions to a reasonable amount may be allowed." *Held* that, in view of Const. 1921, art. 22, § 1, as to existing laws, the exemption of Act No. 109 of 1906 was not affected, since the right is expressly given to "classify" the tax, meaning the right to discriminate with regard to the classes of inheritance on which any specific tax may be levied.

Appeal from Civil District Court, Parish of Orleans; Fred D. King, Judge.

In the matter of the succession of Emma Lith. From a ruling that an inheritance was exempt from the inheritance tax, the collector of inheritance taxes appeals. Affirmed.

Harry Gamble, of New Orleans (Harry Emmett McEnerny, of counsel), for appellant.

Charles Rosen, of New Orleans, for appellee.

Edgar M. Cahn and Hebert S. Weil, both of New Orleans, amici curiæ.

O'NIELL, J. The question propounded is whether, under the Constitution of 1921, an inheritance of property that has already borne its just proportion of taxes is subject to the inheritance tax. The collector of inheritance taxes has appealed from a ruling that such an inheritance is exempt.

By article 235 of the Constitution of 1898 and of 1913, the Legislature was expressly authorized to levy an inheritance tax, within specified limits as to the rate or percentage, but with the proviso that bequests to educational, religious or charitable institutions should be exempt from the tax.

Article 236 of the Constitutions of 1898 and of 1913 forbade the imposition of an inheritance tax on an inheritance of property that had borne its just proportion of taxes prior to the time of the inheritance.

By Act 109 of 1906, "to carry into effect articles 235 and 236 of the Constitution," the Legislature levied an inheritance tax, but exempted, not only legacies in favor of educational, religious or charitable institutions, and inheritances of property that had

already borne its just proportion of taxes, as required by article 236 of the Constitution, but also all legacies of inheritances under $10,000 in value, in favor of ascendant or descendant heirs. The statute was amended by Act 42 of 1912, and again by Act 51 of 1918, but not with regard to the exemption of inheritances of property that had borne its just proportion of taxes.

The constitutional convention of 1921 omitted, from the constitutional provisions on the subject of inheritance taxes, the prohibition contained in article 236 of the Constitution of 1913 that the tax "shall not be enforced when the property donated or inherited shall have borne its just proportion of taxes prior to the time of such donation or inheritance." Section 7 of article 10 of the Constitution of 1921, on that subject, declares:

"Taxes upon inheritances, legacies and donations, or gifts made in contemplation of death, may be graduated, classified or progressive; provided, such taxes shall not exceed three per cent. as to ascendants, descendants or surviving spouse; ten per cent. as to collateral heirs; or fifteen per cent. as to others; and exemptions to a reasonable amount may be allowed. Donations and legacies to charitable, religious or educational institutions located within the state shall be exempt from such tax."

Appellant argues that the omission of this prohibition against levying the tax on an inheritance of property that has already borne its just proportion of taxes has had the effect of repealing the statutory exemption of such inheritances. It is said that the new constitutional provision that "exemptions to a reasonable amount may be allowed" means that, if any exemption be allowed by the Legislature (beyond the exemption of donations and legacies to charitable, religious or educational institutions located in the state), such additional exemption shall be limited only in amount, and be limited to a reasonable amount, and shall not be allowed on any other basis, or on a classification.

It appears to us that the only change made in the organic law on the subject is that, whereas the Legislature was, by the Constitutions of 1898 and of 1913, forbidden to levy an inheritance tax on an inheritance of property that had already borne its just proportion of taxes, the Legislature is now, by the Constitution of 1921, left free to exempt or not exempt such an inheritance. Abolishing the prohibition against levying a tax upon such an inheritance does not have the effect of commanding the Legislature to levy it. The Legislature may do whatever the Constitution does not forbid, either expressly or by necessary implication.

The Constitutions of 1898 and of 1913 did not attempt to levy an inheritance tax, or even to command the Legislature to levy such tax. Both Constitutions declared merely: "The Legislature shall have power to levy * * * a tax upon all inheritances." Therefore it may be said that the transmission of any and all property by inheritance was exempt from an inheritance tax until the Legislature saw fit to levy the tax. The Constitution of 1921 does not attempt to levy an inheritance tax, or even to command the Legislature to levy such tax. It merely declares that taxes upon inheritances, legacies and donations, or gifts made in contemplation of death, may be graduated, or classified, or made progressive. There is no statute levying an inheritance tax upon an inheritance of property that has already borne its just proportion of taxes, because the Legislature has, by expressly exempting such inheritances, not undertaken to levy the tax on them. It is true, the Legislature was, when the inheritance tax was levied, commanded to exempt inheritances of property that had borne its just proportion of taxes; but the Legislature is not now commanded to levy the tax on such inheritances, and if it were so commanded, it would require legislation to put the command into effect.

We do not construe the expression "ex-

emptions to a reasonable amount may be allowed" as meaning that any exemption which the Legislature may see fit to allow (in addition to the constitutional exemption in favor of charitable, religious or educational institutions) must be made in proportion to the amount of the inheritance, and be not allowed on any particular class of inheritances, or based on a classification of the property inherited. On the contrary, the new Constitution expressly authorizes the Legislature 'to graduate inheritance taxes, or classify them, or make them progressive, as the Legislature may see fit. If that language does not give the Legislature carte blanche, on which to superscribe whatever conditions may please the Legislature in that respect, it would be troublesome to find words that would give it. The right to classify the tax, as we understand, means the right to discriminate with regard to the classes of inheritances on which any specified tax may be levied.

The first paragraph of section 1 of article 22, which is the Schedule, of the Constitution of 1921, declares:

"That all laws in force in this state, at the time of the adoption of this Constitution, not inconsistent therewith, and constitutional when enacted, shall remain in full force and effect until altered or repealed by the Legislature, or until they expire by their own limitation."

The third paragraph of the same section declares:

"The provisions of all laws, which are inconsistent with this Constitution, shall cease upon its adoption, except that all laws which are inconsistent with such provisions of this Constitution as require legislation to enforce them shall remain in full force until such legislation is had."

The exemption in the statute levying the inheritance tax, exempting inheritances of property that has already borne its just proportion of taxes, does not conflict with any provision in the Constitution of 1921. If this legislative exemption could be considered not consistent with the constitutional permission to graduate or classify inheritance taxes or to make them progressive, or if the legislative exemption could be considered not consistent with the constitutional permission to allow exemptions to a reasonable amount, we would be constrained to hold that these provisions of the Constitution are such as require legislation to enforce them, and that therefore the legislative exemption must remain in force until such legislation is had.

The judgment appealed from is affirmed.